UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNELL WILLIAMS, #225280,

    Plaintiff,                                 Hon. Robert J. Jonker

v.                                             Case No. 1:19-cv-1102

UNKNOWN EDLINGER, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action asserting various claims against 26 individuals. (ECF No. 1). At this juncture, the only claims remaining are First Amendment retaliation claims against Defendants Edlinger and Ray who now move for summary judgment. (ECF No. 11, 22). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted in part and denied in part.

## BACKGROUND

Remaining in this action are five distinct claims of retaliation against Defendants Edlinger and Ray. With respect to these claims, Plaintiff alleges the following.

    A.    Loss of Prison Job

As of September 11, 2019, Plaintiff had a job as a "wheelchair pusher" for his bunkmate who is disabled. (ECF No. 1, PageID.8). On this morning, Plaintiff and his bunkmate were sitting in the "JPay room" eating breakfast when Plaintiff was

-1-

approached by Defendant Edlinger who stated, "you that motherfucker Williams, I been hearing about that filed the grievances on my co-workers . . . I will be taking your wheelchair job." (*Id.*). Plaintiff moved to a different room to finish his breakfast. After finishing his breakfast, Plaintiff returned to the JPay room where his bunkmate was sitting. Defendant Ray instructed Plaintiff to "go to his cell." Plaintiff responded that he was a wheelchair pusher and needed to assist his bunkmate. Ray told Plaintiff that he did not care and was giving Plaintiff a "direct order" to return to his cell. Plaintiff was later removed from his job as a wheelchair pusher. Defendants Edlinger and Ray were involved in this decision and acted to retaliate against Plaintiff for filing grievances against Defendants' co-workers. (*Id.*).

B.   Searches of Plaintiff's Cell and Person

Defendants Edlinger and/or Ray conducted searches of Plaintiff's cell or person on the following dates: (1) September 19, 2019; (2) October 14, 2019; (3) November 13, 2019; and (4) November 20, 2019. (ECF No. 1, PageID.10, 12-13, 15-16). These searches, undertaken for retaliatory reasons, were improper and/or resulted in the destruction of Plaintiff's property. (*Id.*).

Defendants argue that they are entitled to relief on the ground that Plaintiff failed to properly exhaust his administrative remedies with respect to his remaining claims. As discussed herein, the Court only partially agrees.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodide*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id*. at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Ibid*.

With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner must attempt to resolve the issue with staff, unless prevented by circumstances beyond his control, or the issue falls within the jurisdiction of Internal Affairs. MDOC Policy Directive 03.02.130 ¶ Q (Mar. 18, 2019). The prisoner must attempt to resolve the matter within two days of becoming aware that there exists a grievable issue. (*Id.*).

If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance, but such must be submitted within five business days after attempting to resolve the matter with staff. MDOC Policy Directive 03.02.130 ¶ W (Mar. 18, 2019). The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." MDOC Policy Directive 03.02.130 ¶ S (Mar. 18, 2019).

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. MDOC Policy Directive 03.02.130 ¶ DD (Mar. 18, 2019). If the prisoner is dissatisfied with the

Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III.  MDOC Policy Directive 03.02.130 ¶ HH (Mar. 18, 2019).

Defendants have submitted evidence that during the relevant time period, Plaintiff pursued five grievances through all three steps of the grievance process. (ECF No. 23, PageID.184-210).  A review of these five grievances reveals the following.

1. Grievance DRF 19-09-2122-03f

Plaintiff filed this grievance alleging that he was not being provided sufficient paper to pursue his various legal matters.  (ECF No. 23, PageID.211-15).  This grievance fails to exhaust any of Plaintiff's remaining claims.

2. Grievance DRF 19-09-2125-17a

Plaintiff field this grievance alleging retaliation against Corrections Officers Farreet and Allan.  (ECF No. 23, PageID.216-19).  This grievance fails to exhaust any of Plaintiff's remaining claims against Defendants Edlinger and Ray.

3. Grievance DRF 19-09-2057-17a

Plaintiff filed this grievance against Defendants Edlinger and Ray regarding the incident in the JPay room on September 11, 2019, detailed above.  (ECF No. 23, PageID.220-24).  While this grievance is perhaps not artfully worded, Plaintiff alleges that he lost his job as a wheelchair pusher due to retaliatory action by Defendants Edlinger and Ray.  Plaintiff pursued this grievance through all three steps of the grievance process.  Accordingly, the Court finds that this grievance is sufficient to exhaust Plaintiff's claim that Defendants Edlinger and Ray were involved in the decision

to terminate Plaintiff's job as a wheelchair pusher and that Defendants acted to retaliate against Plaintiff for filing grievances against their co-workers.

    4.    Grievance DRF 19-09-2229-28i

Plaintiff filed this grievance alleging that, on September 19, 2019, Defendants Edlinger and Ray searched his cell for improper retaliatory reasons. (ECF No. 23, PageID.225-28). This grievance was rejected at Step I, however, because Plaintiff failed to attempt to resolve the matter prior to submitting his grievance. (ECF No. 23, PageID.228). This rejection was affirmed at Steps II and III. (ECF No. 23, PageID.225-27). Accordingly, this grievance fails to exhaust any of Plaintiff's remaining claims.

    5.    Grievance DRF 19-07-1578-14z

Plaintiff filed this grievance against library staff concerning issues with the library and the Legal Writer Program. (ECF No. 23, PageID.229-33). This grievance fails to exhaust any of Plaintiff's remaining claims.

In response to Defendants' motion, Plaintiff has submitted an affidavit in which he asserts that the grievance coordinator interfered with his ability to use the grievance process. (ECF No. 26, PageID.248). Plaintiff's conclusory statement, however, is not accompanied by any specific factual assertions regarding, for example, when Plaintiff attempted to submit grievances, what issues such grievances concerned, or against whom he sought to submit such. *See, e.g., Kelly v. Shubert*, 2012 WL 992095 at *1 (W.D. Mich., Mar. 22, 2012) (a claim that prison officials interfered with the grievance process

must be supported by "evidence or specific allegations of interference"). Plaintiff's conclusory statement is insufficient to create a genuine factual dispute with respect to whether he properly exhausted his remaining claims concerning the allegedly retaliatory searches of his cell or person.

In conclusion, the Court finds that Defendants have met their burden on the question whether Plaintiff properly exhausted his remaining claims concerning the allegedly retaliatory searches of his cell and person. With respect to Plaintiff's claim regarding the loss of his job as a wheelchair pusher, however, the evidence submitted by Defendants is insufficient to establish that Plaintiff failed to properly exhaust this claim.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment (ECF No. 22) be granted in part and denied in part. Specifically, the undersigned recommends that Plaintiff's four remaining claims concerning the allegedly retaliatory searches of his cell and person be dismissed without prejudice for failure to properly exhaust administrative remedies. As for Plaintiff's claim that Defendants Edlinger and Ray were involved in the decision to terminate his job as a wheelchair pusher and that Defendants acted to retaliate against Plaintiff for filing grievances against their co-workers, the undersigned recommends that Defendants' motion be denied and such claim proceed forward.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                                     Respectfully submitted,

Date: September 24, 2020                         /s/ Phillip J. Green
                                                               PHILLIP J. GREEN
                                                               United States Magistrate Judge